In my view, because the issues of alimony and property division are to be considered together on appeal, a trial court's failure to reserve jurisdiction over the issue of periodic alimony is not erroneous by itself. The relatively short duration of the marriage (approximately eight years) coupled with the former wife's ability to earn a steady income as an accountant, in my view, supports the trial court's judgment declining to award the wife periodic alimony or to reserve jurisdiction over the issue of alimony for future consideration. Because I would defer to the trial court's judgment as to the resolution of the periodic-alimony issue, I cannot join that portion of the majority opinion addressing that issue.
If the property division in this case had been equitable, then I would have deferred to the trial court's decision Dot to award the former wife periodic alimony. The law, is clear that a property division does not have to be equal in order to be equitable based on the particular facts of each case; a determination of what is equitable rests within the sound discretion of the trial court. Golden v. Golden, 681 So.2d 605,608 (Ala.Civ.App. 1996). In this case, however, the trial court failed to award the former wife any part of her marital interest in the marital residence or in the family farming business. For that reason alone, I concur in the result to reverse the trial court's judgment as to the related issues of the division of property and alimony. See also TenEyck v. TenEyck,885 So.2d 146 (Ala.Civ.App. 2003) (Pittman, J., concurring in part and dissenting in part). I concur in that portion of the majority opinion addressing the visitation issue.
I concur in the dismissal of the former wife's second appeal, because the trial court had lost jurisdiction when the former wife filed her first appeal in June 2003 and, therefore, the trial court's order entered in September 2003 was void; it will not support an appeal.
CRAWLEY, J., concurs.